United States Bankruptcy Court
Eastern District of Michigan

**In re:**

**DONALD POPE,**  Case No. 10-77242-SWR
Honorable Steven W. Rhodes
Chapter 13

        **Debtor.**
_____/

**Debtor's Chapter 13 Confirmation Hearing Certificate**
[To be completed fully]
At the next confirmation hearing in this case, the debtor intends to: [Check ONE of the following]

1. ___ Request confirmation of the debtor's plan, because all timely objections of creditors and the trustee have been resolved. I have emailed to the trustee a proposed order confirming the plan, as required in paragraph 2 of the Chapter 13 Case Management Order.

2. _X_ Request confirmation of the debtor's plan, even though all timely objections have not been resolved. I have emailed to the trustee a proposed order confirming the plan, as required in paragraph 2 of the Chapter 13 Case Management Order. The parties are at an impasse in attempting to resolve these objections despite all reasonable efforts. The following are: (a) the parties whose timely objections have not been resolved; (b) their unresolved objections; and (c) the legal and factual issues that must be resolved by the Court in connection with confirmation:

    **Trustee Objections:**
        a.) Trustee requires a copy of Judgment of Divorce: A divorce has been filed, but the Defendant has not been served yet. As such a Judgment of Divorce has not been entered. Debtor's counsel can forward the Trustee a copy of any Judgment of Divorce entered once this occurs.
        b.) Trustee requires status of any pending divorce proceedings and name and address of Debtor's divorce attorney: A divorce has been filed, but the Defendant has not been served yet. Debtor does not believe that any child support obligations will need to be paid. Debtor's counsel emailed the information regarding the divorce attorney to the Trustee's office on December 16, 2011.
        c.) Trustee requests documentation of the loan balance and pay off date for Debtor's 401(k) loan: This has been provided to the Trustee's office.
        d.) Trustee believes Debtor's Plan is underfunded and infeasible
        e.) Trustee objects to language in Part I.D.1.c. of the Chapter 13 Plan: Counsel believes that this is resolved in the OCP.
        f.) Trustee questions feasibility of the Debtor's Chapter 13 Plan.

    **Creditor Objections: HSBC Nevada**
        a.) Fails to treat 2006 Kawasaki in Plan and requests treatment or lift of stay: Debtor's daughter makes the payments on this collateral. Debtor and counsel believe that this obligation is current and counsel has contacted Creditor's counsel to verify so that treatment can be provided based on the information received from the Creditor's counsel.

3. ___ Request an adjournment of the confirmation hearing to, due to the following good cause:

4. ___ Dismiss the case. [The Court will construe this as a motion by the debtor to dismiss the case under Fed.R.Bankr.P. 1017(f)(2), and the Court will enter an order of dismissal and the case will be removed from the docket, unless the case was previously converted from Chapter 7, 11, or 12 to Chapter 13. In that event, a separate motion to dismiss must be filed within 10 days.]

5. ___ Convert the case to chapter 7. [The debtor must promptly file a separate notice of conversion under Fed.R.Bankr.P. 1017(f)(3), and pay the filing fee for such notice. Such notice of conversion will cause the case to be converted without the entry of an order of conversion.]

Dated: March 3, 2011

/s/ Melissa D. Francis, Esq.
Tricia Stewart Terry, Esq. (P59522)
Melissa D. Francis, Esq. (P61495)
Michelle L. Marrs, Esq. (P59651)
6553 Jackson Rd.
Ann Arbor, MI 48103
(734) 663-0555
mandtecf@gmail.com